Robert J. Bonner, Appellee, vs. Jacob Glos, Appellant.

*Opinion filed December 22, 1915.*

1. Registration of title—*when abstract of title is admissible.* An abstract of title signed by the recorder of Cook county is admissible in evidence where a witness testifies that he is an abstract maker and has been in the employ of the recorder of Cook county for eleven years as an abstract maker and was in such employ on the date of the certificate to the abstract; that the recorder was then the person whose name is signed to the abstract; that the signature was in the handwriting of a deputy recorder, and that the abstract was made on an order given and was made in the regular course of business by the abstracter of Cook county, the acting recorder.

2. Same—*what does not show that applicant took forcible possession of premises.* Where an application to register title alleges that the premises were vacant and a witness testifies they were vacant on the day the application was filed, the fact that the witness testifies that he was ordered to tear down an old house on the premises and that he sold it for $50 and that it was torn down, does not show that the applicant, or anybody else, took forcible possession of the premises.

Appeal from the Circuit Court of Cook county; the Hon. Frederick A. Smith, Judge, presiding.

John R. O'Connor, and Alben F. Bates, for appellant.

Huttmann, Cloyes, Netherton & Carr, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

Upon the application of Robert J. Bonner the circuit court of Cook county ordered his title in fee simple to certain premises in Chicago to be registered. Jacob Glos, who had a tax deed for the premises and was made a party, appealed from the decree, assigning many errors, only two of which are argued, viz., that the evidence does not show that the property was vacant at the time of filing the ap-

plication, as alleged in the application, and that an abstract was improperly received in evidence.

The application alleged that the premises were vacant, and a witness testified that they were vacant on December 30, 1913, the date when the application was filed. The premises were inclosed with a fence, and there had been a story-and-a-half house on them which became untenantable and not worth repairing. The witness was ordered to tear it down. He sold the building for $50 and it was torn down. The appellant insists from this testimony that forcible possession was taken of the property. It does not appear by what authority the house was ordered torn down or that it was destroyed without the authority of the person having rightful control of it. After the destruction of the house the property remained unoccupied, and there is no reason for inferring that the applicant or any other person had taken forcible possession of it.

The abstract objected to was signed by Abel Davis, the recorder of Cook county. William Kleinhans testified that he was an abstract maker and had been employed by the recorder of Cook county as an abstract maker eleven years, and was in such employ on February 6, 1905, the date of the certificate to the abstract. The recorder then was Abel Davis and the signature was in the handwriting of a deputy recorder. The abstract was made on an order given, the order being 60485, and was made in the regular course of business by the abstracter of Cook county, acting recorder. From this testimony it is reasonably to be inferred that the recorder of Cook county was in the business of making abstracts of title for hire, and the abstract was competent evidence under the provisions of section 18 of the act in relation to registration of titles.

The decree of the circuit court is right and will be affirmed.

*Decree affirmed.*